J-S02031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAUDE RAINAL SALOIS, | : | |
| | : | |
| Appellant | : | No. 1155 MDA 2019 |

Appeal from the PCRA Order Entered June 27, 2019
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0007383-2017

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 27, 2020**

Claude Rainal Salois ("Salois") appeals, *pro se*, from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant factual history as follows:

> On October 13, 2017, Patrolman Justin Seibert [("Patrolman Seibert")] of [the] West Manheim Township Police Department was contacted by Detective Eric Beyer [("Detective Beyer")] of the Adams County District Attorney's Office. Detective Beyer notified Patrolman Seibert that he had been conducting an investigation[,] and as a result of this investigation[,] had found an IP address that was sharing child pornography. Detective Beyer obtained a subpoena for the [i]nternet [s]ervice [p]rovider for the IP address, Comcast Cable Communications. On October 23, 2017, Detective Beyer received the business records from Comcast[,] which indicated that the IP address that was sharing the child pornography belonged to [] Salois of Hanover, Pennsylvania.

> On October 24, 2017, Patrolman Seibert got and served a search warrant for Salois['s] home at 43 Mist Court, Hanover, Pennsylvania. Officers searched the home and found pornographic materials of underage females. Salois was

> *Mirandized*[1] and asked about the child pornography. He admitted to printing the pictures and told the [o]fficers that he had child pornography on thumb drives. Further investigation confirmed that the computer that [o]fficers found in Salois['s] house was the same one that shared the child pornography that Detective Beyer [had] found.

PCRA Court Opinion, 8/8/19, at 1-2 (footnote added).

On April 10, 2018, Salois entered a guilty plea to possession of child pornography, dissemination of child pornography, and criminal use of a communication facility.[2, 3] The trial court subsequently sentenced Salois to a negotiated aggregate sentence of 6 to 12 years in prison. Salois did not file a direct appeal.

Salois, *pro se*, filed the instant, timely PCRA Petition on December 14, 2018. The PCRA court appointed Salois counsel.[4] On March 29, 2019, following multiple continuances, PCRA counsel filed a Motion to Withdraw as Salois's counsel, and an accompanying no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). By an Order entered

_____

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] 18 Pa.C.S.A. §§ 6312(c) and (d), 7512.

[3] The trial court deferred sentencing for the completion of an assessment by the Sexual Offenders Assessment Board, after which Salois was determined not to be a sexually violent predator.

[4] Salois, while represented by appointed counsel, subsequently filed several *pro se* Motions and Amendments to his PCRA Petition.

on June 27, 2019, the PCRA court granted PCRA counsel's Motion to Withdraw from representation, and denied Salois's PCRA Petition.[5] Salois filed a timely *pro se* Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Salois raises the following issues for our review:

I. Is [] Salois['s] sentence rendered illegal based upon the failure of the trial court to merge the charged offenses for sentencing purposes?

II. Has [c]ounsel … rendered ineffective assistance of counsel when [] Salois entered an unknowing, unintelligent, and involuntary plea of guilty[,] where the elements of the offenses charged were not explained to [] Salois by counsel, nor the trial court?

III. Has [c]ounsel … rendered ineffective assistance of counsel by failing to obtain health evaluation reports and/or a psychiatric evaluation of [] Salois, where [counsel] was aware that [] Salois received treatment which should have been included in a sentencing memorandum then presented at the time of sentencing[, and] to request a more appropriate sentence?

Brief for Appellant at 5.

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA

_____

[5] At the scheduled PCRA hearing on April 1, 2019, the PCRA court indicated that it had not seen counsel's no-merit letter until that day, and PCRA counsel stated that he was unable to deliver the no-merit letter to Salois at the prison "due to new procedures," but that he had reviewed the content with Salois prior to the hearing. The PCRA court therefore continued the hearing, and issued Notice pursuant to Pa.R.Crim.P. 907. On April 23, 2019, the PCRA court granted counsel's Motion to withdraw and denied Salois's Petition. The PCRA court later vacated its April 23, 2019 Order, acknowledging that Salois had filed an Objection to the court's Rule 907 Notice, but its filing was delayed for reasons beyond Salois's control.

court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (citations and quotation marks omitted).

In his first claim, Salois contends that the trial court imposed an illegal sentence, because his convictions of dissemination of child pornography and criminal use of a communication facility should have merged at sentencing. *See* Brief for Appellant at 9-16.

Because Salois's claim challenges the legality of his sentence, "our standard of review is *de novo* and our scope of review is plenary." *Nero*, 58 A.3d at 806 (citation and quotation marks omitted).

Section 9765 of the Sentencing Code addresses merger as follows:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

Dissemination of child pornography is defined at 18 Pa.C.S.A. § 6312, which pertains to sexual abuse of children, and which provides, in relevant part, as follows:

**§ 6312. Sexual abuse of children**

* * *

**(c) Dissemination of photographs, video tapes, computer depictions and films.--**Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(c).

Regarding criminal use of a communication facility, Section 7512 provides that "[a] person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony…." **Id.** § 7512(a).

A comparison of Section 6312(c) with Section 7512(a) evinces no overlap or sharing of any elements of the crimes, much less *all* of the elements, as required by Section 9765 of the Sentencing Code. Because merger of Salois's sentences would have been improper, he is not entitled to relief on this claim.

In his second claim, Salois argues that his plea counsel[6] was ineffective because he was "compelled to plead guilty based upon animosity that existed between himself and counsel." Brief for Appellant at 21. Salois also claims that he entered an unknowing, unintelligent, and involuntary guilty plea. *Id.* at 18-21. Specifically, Salois asserts that he was never questioned regarding his understanding of the nature of the charges to which he pled guilty, and that he was not informed of the presumption of innocence. *Id.* at 18, 19.[7]

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

---

[6] We observe that Salois specifically names his appointed PCRA counsel rather than his plea counsel. However, from the substance of his argument, it is clear that Salois intends to challenge the effectiveness of plea counsel.

[7] In his Concise Statement, Salois raises the underlying challenge to the validity of his guilty plea, rather than the derivative claim of ineffective assistance of counsel. However, because the claim as stated in his Concise Statement asserts that counsel did not properly explain to him the elements of the crimes charged, and because an ineffectiveness claim requires us to consider the merits of the underlying claim, we will address this issue. *See generally* Pa.R.A.P. 2116(a) (explaining that "[n]o question will be considered unless it is stated in the statement of questions involved *or is fairly suggested thereby*." (emphasis added)).

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

> A criminal defendant has the right to effective counsel during a plea process as well as during a trial. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.

*Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citations omitted); *see also Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (stating that "the defendant must show that counsel's deficient stewardship resulted in a manifest injustice … by facilitating entry of an unknowing, involuntary, or unintelligent plea." (citations omitted)). Further, regarding the prejudice prong, the appellant "must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Patterson*, 143 A.3d 394, 398 (Pa. Super. 2016) (citation omitted).

As this Court has explained, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 382 A.2d 517, 523 (Pa. Super. 2003) (citations omitted). Additionally,

> [t]he longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court[,] while under oath[,] and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Id.* (citations omitted).

Here, the trial court conducted an oral guilty plea colloquy, during which Salois acknowledged that he understood the nature of the charges to which he was pleading guilty, and that his attorney had explained to him what the Commonwealth would be required to prove in order to convict him. N.T., 4/10/18, at 3. Salois admitted to knowingly possessing child pornography on his computer, disseminating child pornography, and using a computer and internet device to commit the crimes. *Id.* at 3-4. Additionally, Salois specifically affirmed that he understood his right to a jury trial and the presumption of innocence, and the trial court advised Salois that the judge is not bound by the terms of the plea agreement. *Id.* at 4-8. Salois also stated that he had enough time to discuss the plea agreement with his plea counsel. *Id.* at 8, 10. Salois may not now contradict this testimony. *See Pollard*, *supra*. In addition to conducting an oral colloquy, Salois completed a written guilty plea colloquy with his attorney, wherein he indicated his understanding of his rights, as well as the elements of the crimes for which he was entering a plea. *See* Written Guilty Plea Colloquy, 4/10/18.

Based upon the foregoing, we conclude that Salois entered a knowing, voluntary, and intelligent guilty plea, and our review of the record reveals no way in which Salois was misled or misinformed. *See Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (stating that "a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and

consequences of his plea[,] and that he knowingly and voluntarily decided to enter the plea.") (citation omitted); **Pollard**, 832 A.2d at 524 (stating that "[o]ur law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent."). Thus, Salois's challenge to the validity of his guilty plea lacks merit, as does his derivative claim that plea counsel was ineffective.

In his third claim, Salois asserts that his plea counsel[8] was ineffective for failing to obtain, as mitigating evidence, mental health reports or a psychiatric evaluation, despite being aware that Salois had received mental health treatment. Brief for Appellant at 22-24.

Salois's claim challenges the discretionary aspects of his negotiated sentence. "Where the plea agreement contains a negotiated sentence[,] which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). Because Salois entered a negotiated guilty plea, we cannot review his final claim. **See Reid**, 117 A.3d at 784 (stating that a challenge to the discretionary aspects of a negotiated sentence is unreviewable).

---

[8] Salois again mistakenly named his PCRA counsel.

Order affirmed.

P.J.E. Bender joins the memorandum.

Judge King concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2020